UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILFREDO LORA-GONZALEZ,<br>A # 038507690,<br><br>    Petitioner,<br><br> v.<br><br>MARY E. SABOL, Warden, York County Prison,<br><br>    Respondent. | CIVIL ACTION NO. 3:15-CV-02407<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

On December 15, 2015, the Court received a petition for a writ of habeas corpus filed by *pro se* Petitioner Wilfredo Lora-Gonzalez pursuant to 28 U.S.C. § 2241. (Doc. 1). At the time of filing, Lora-Gonzalez, a native and citizen of the Dominican Republic, was being held in the custody of United States Immigration and Customs Enforcement ("ICE") at York County Prison, located in York County, Pennsylvania. In his petition, Lora-Gonzalez challenges his continued detention by ICE as based on a "void final order of removal." (Doc. 1, at 2). In addition to his request to be immediately released from his currently "unlawful" incarceration, he has filed a motion for a preliminary stay of execution of the final order of removal. (Doc. 2).

On January 22, 2016, the Court entered an Order to Show Cause directing the Respondent to file an answer, suggestion of mootness, or other response to the allegations contained within the petition. (Doc. 7, at 1). The Court noted that upon reviewing the online detainee locator, it appeared that Lora-Gonzalez was no longer in ICE custody. (Doc. 7, at 1).

On February 19, 2016, Lora-Gonzalez filed a notice with the Court, confirming that he was "forcibly removed from the United States to the Dominican Republic" on January 4, 2016, but noting his desire to continue litigating this case and requesting that the Court direct all correspondence to his friend's New York address to then be forwarded to him. (Doc. 10, at 1).

The Respondent filed a suggestion of mootness on February 25, 2016, reporting that Lora-Gonzalez was, in fact, deported from the United States on January 4, 2016. (Doc. 11, at 2). Because Lora-Gonzalez "has already been deported and is, therefore, no longer in custody, the challenge to [his] detention is moot and the habeas petition must be dismissed." *Lindaastuty v. Att'y Gen.*, 186 Fed. App'x 294, 298 (3d Cir. 2006); *Audain v. Decker*, No. 3:12-CV-02301, 2013 WL 5656128, at *2 (M.D. Pa. Oct. 15, 2013).[1]

---

[1] To the extent this petition could be construed as a challenge to the Immigration Judge's final order of removal, the Court lacks jurisdiction over such challenges to removal orders. Indeed, a petition for review filed in the United States Court of Appeals for the Third Circuit is the "sole and exclusive means for judicial review of an order of removal" issued in this Circuit. *See* 8 U.S.C. § 1252(a)(5). The adoption of this statutory provision in 2005 "expressly eliminated district courts' habeas jurisdiction over removal orders." *Jordon v. Att'y Gen. of U.S.*, 424 F.3d 320, 326 (3d Cir. 2005). Notably, it appears that Lora-Gonzales has already attempted to challenge his removal order via a previously unsuccessful § 2241 petition. *See Gonzalez-Lora v. Warden Fort Dix FCI*, No. 14-4226, 2015 WL 6996759, at *1 (3d Cir. Nov. 12, 2015) (copy attached) ("Because Gonzalez–Lora's claims 'directly challenge the lawfulness of the removal order and are intertwined with the IJ's decision,' the District Court did not err in concluding that it lacked jurisdiction to review these claims in Gonzalez–Lora's § 2241 petition." (quoting *Verde-Rodriguez v. Att'y Gen.*, 734 F.3d 198, 207 (3d Cir. 2013)); *Gonzalez-Lora v. Warden Moshannon Valley Corr. Ctr.*, 626 F. App'x 32, (3d Cir. 2015) (same). Thus, this Court lacks jurisdiction to consider the instant petition for review and motion for stay of removal.

Based on the foregoing, it is recommended that the petition (Doc. 1), and motion to stay execution of Petitioner's deportation (Doc. 2), be **DISMISSED AS MOOT** and the case be closed.

BY THE COURT:

Dated: February 29, 2016

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILFREDO LORA-GONZALEZ,<br>A # 038507690,<br>     Petitioner,<br><br>v.<br><br>MARY E. SABOL, Warden, York County Prison,<br>     Respondent. | CIVIL ACTION NO. 3:15-CV-02407<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **February 29, 2016**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: February 29, 2016**                             *s/ Karoline Mehalchick*
                                                                      **KAROLINE MEHALCHICK**
                                                                      **United States Magistrate Judge**